UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BILLY W. LOCKE, PAM LOCKE, and ANGIE THOMAS, | ) ) ) ) |
| Plaintiffs, | ) ) No.: 1:22-CV-2-TRM-CHS |
| v. | ) ) |
| MCMINN COUNTY JAIL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Prisoner Billy W. Locke has filed a civil rights action alleging violation of 42 U.S.C. § 1983 on behalf of himself and non-prisoner Plaintiffs Pam Locke and Angie Thomas (Doc. 2), and he has filed a motion to proceed *in forma pauperis* in this action (Doc. 1). Neither Ms. Thomas nor Ms. Locke has signed the Complaint, paid the filing fee, or filed her own motion to proceed *in forma pauperis*.

**I.    JOINDER OF PLAINTIFFS**

The Court first considers whether all Plaintiffs are properly joined in this action. As a preliminary matter, the Court notes that Plaintiff Billy Locke cannot assert the constitutional rights of Ms. Locke or Ms. Thomas. *See, e.g., Newsom v. Norris,* 88 F.2d 371, 381 (6th Cir.1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights"). Plaintiffs Angie Thomas and Pam Locke have not signed the Complaint in accordance with Federal Rule Civil Procedure 11(a), which requires that every pleading must be signed by a party personally if the party is unrepresented. *See* Fed. R. Civ. P. 11(a). Additionally, neither Ms. Thomas nor Ms. Locke has paid the filing fee or submitted applications to proceed *in forma*

*pauperis*. *See* 28 U.S.C. § 1915(a)(1).[1]  Therefore, the Court finds it unclear whether these individuals have consented to join this lawsuit.

Second, Rule 20(a)(1) of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  While the joinder of parties is "strongly encouraged" for purposes of judicial economy and fairness where it is appropriate, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), courts have recognized that prisoners are "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances" such as the requirement for exhaustion of administrative remedies, the need for each plaintiff to sign each paper filed with the Court, etc., "make joint litigation exceptionally difficult."  *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, *6 (D.N.J. June 23, 2008); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. Sept. 20, 2009) (noting Rule 20 is not license to join unrelated claims and defendants in one lawsuit).

In this case, Plaintiffs have not established that they are properly joined in this matter under Rule 20(a).  The Complaint concerns conditions at the McMinn County Jail, including excessive

---

[1] Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999).

costs of phone calls and commissary; denial of medical care; interference with legal mail; and a lack of response to prisoner grievances. (*See, generally*, Doc. 2.) Plaintiffs Angie Thomas and Pam Locke are only associated with Billy Locke's claim that the cost of inmate phone calls is excessive. (*Id*.) Therefore, the Court finds that even if Rule 20(a) permitted joinder of all three Plaintiffs, it would be impractical and inefficient for the Court to allow them to do so considering the totality of Plaintiff's claims.

For the reasons set forth above, Plaintiffs Angie Thomas and Pam Locke are **DISMISSED** from this action, and Billy W. Locke will **PROCEED** as the sole Plaintiff in this action. If Ms. Locke and/or Ms. Thomas wish to pursue their own § 1983 action, they should file an individualized complaint accompanied either by the filing fee or an application to proceed *in forma pauperis*.

## II. BILLY LOCKE'S MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff Billy Locke's motion for leave to proceed *in forma pauperis* (Doc. 1) that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where

Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

Further, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any amendments and/or supplements to the Complaint or any other kind of motion for relief until after the Court has screened the Complaint pursuant to the Prison Reform Litigation Act, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to amend or supplement the Complaint and/or motions filed before the Court has completed this screening.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**